**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC., | |
| Plaintiff, | |
| v. | **Civil Action No. 11-cv-6914** |
| BEST BUY CO., INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT BEST BUY CO., INC.'S ANSWER TO PLAINTIFF HELFERICH PATENT LICENSING, LLC's COMPLAINT FOR PATENT INFRINGEMENT

Defendant Best Buy Co., Inc. (hereinafter referred to as "Best Buy") (improperly named as a party) hereby answers the Complaint for Patent Infringement ("Complaint") filed by Helferich Patent Licensing ("Plaintiff") as follows:

## GENERAL DENIAL

Best Buy denies each and every allegation, matter, or thing contained in the Complaint which is not expressly admitted, qualified, or answered herein. To the extent the allegations herein were intended to be directed toward Best Buy Co., Inc., Best Buy denies it is the proper party to this action.

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 101-376, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

**Answer:**      Best Buy admits that the Complaint purports to state a cause of action arising under the patent laws of the United States, Title 35 of the United States Code, and that 28 U.S.C. §§ 1331 and 1338(a) grant district courts original jurisdiction over civil actions arising under that Act.  To the extent paragraph 1 of the Complaint purports to allege that Plaintiff has a valid claim for patent infringement against Best Buy, Best Buy denies those allegations.

## JURISDICTION AND VENUE

2.      This Court has personal jurisdiction over Defendant because Defendant conducts substantial and continuous business in the State of Illinois and in this District, and purposefully directs its infringing activities to residents of this State and District by causing infringing messages to be sent to residents this State and District, as described more fully in the paragraphs hereafter. Accordingly, this Court has personal jurisdiction over Defendant.

**Answer:**      For the purposes of this action only, Best Buy does not contest that the Court has personal jurisdiction over Best Buy Co., Inc., but denies that it has committed acts of patent infringement in this District or elsewhere. Best Buy further admits that the website http://www.bestbuy.com/ is accessible from this District, but is not necessarily directed purposely or solely at this District or the residents of this district.  Best Buy denies all remaining allegations in paragraph 2.

3.      Venue is appropriate pursuant to 28 U.S.C. § 1391(c) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has caused infringement messages to be sent to residents of this State and District.

**Answer:**      Without admitting that it is necessarily proper or convenient, and for the purposes of this action only, Best Buy does not contest that venue is permissible under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b) as to Best Buy Co., Inc.  For the purposes of this action

only, Best Buy does not contest that the Court has personal jurisdiction over Best Buy Co., Inc. but denies that it has committed acts of patent infringement in this District or elsewhere. Best Buy admits that the website http://www.bestbuy.com/ is accessible from this District, but is not necessarily directed purposely or solely at this District or the residents of this district. Best Buy denies all remaining allegations in paragraph 3.

## PLAINTIFF

4.      HPL is an Illinois limited liability company with a principal place of business at 70 W. Madison St., Three First National Plaza, Suite 1400, Chicago, IL 60602. HPL is the exclusive licensee of twenty-five (25) U.S. patents, eleven (11) pending U.S. applications, and over a dozen related foreign patents and patent applications all relating to mobile wireless communication devices and the provision of media and content to such devices (collectively the "HPL Portfolio"). The HPL Portfolio includes the patents and applications listed in Exhibit A.

**Answer:**       Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.  On November 16, 2010, the United States Patent and Trademark Office ("Patent Office") issued Patent No. 7,835,757 entitled "System and Method for Delivering Information to a Transmitting and Receiving Device" (the "'757 patent"). HPL is the exclusive licensee of all right, title, and interest in the '757 patent.

**Answer:**       Without admitting that United States Patent No. 7,835,757 ("the '757 patent") is properly issued or titled, Best Buy admits that on its face the '757 patent is entitled "System and Method for Delivering Information to a Transmitting and Receiving Device" and bears an issue date of November 16, 2010.  Best Buy is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6.      The '757 patent provides for methods and systems relating to wireless messaging to mobile devices (e.g., cellular devices). More particularly, the patent includes claims that relate to the transmission of notification messages to mobile devices that include an identifier (such as a URL), examples of which are shown in Paragraph 14, below. Additionally, and in some instances, content providers such as Defendant cause the identified content to be updated or changed prior to sending the content to the mobile user in response to a request for such content and/or include within the notification messages a time the identified content is to be available. Examples of such notifications include SMS messages that include an identifier (such as a URL) in the message, and where the identified content is updated and/or changed by the content provider between the time that the notification is sent and the time the content is requested. Yet another example of such a notification is an SMS "24 hour sale" offering, wherein the content provider indicates in the notification the time the content is to be available, and either removes or changes the content after the specified time.

**Answer:**      Best Buy denies the allegations in paragraph 6 to the extent they are directed at Best Buy. Best Buy further denies the allegations in paragraph 6 to the extent they reference examples "which are shown in Paragraph 14." Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies them.

7.      On March 3, 2009, the Patent Office issued Patent No. 7,499,716 entitled "System and Method for Delivering Information to a Transmitting and Receiving Device" (the "'716 patent"). HPL is the exclusive licensee of all right, title, and interest in the '716 patent.

**Answer:**        Without admitting that United States Patent No. 7,499,716 ("the '716

patent") is properly issued or titled, Best Buy admits that on its face the '716 patent is entitled

"System and Method for Delivering Information to a Transmitting and Receiving Device" and

bears an issue date of March 3, 2009.  Best Buy is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies

them.

8.        The '716 patent provides for methods and systems that relate to wireless

messaging to mobile devices (e.g., cellular devices). More particularly, the patent includes

claims that relate to the transmission of notification messages to mobile devices that include an

identifier (such as a URL) that identifies available content that may be provided to a mobile user

upon request, examples of which are shown in Paragraph 14, below. Additionally, in some

instances, the notifications include a time the identified content is to be available. An example of

such a notification is an SMS "24 hour sale" offering, wherein the notification includes an

identifier of content (such as a URL) as well as an indication of the time the content is to be

available. After the specified time has expired, the content provider either removes or changes

the content.

**Answer:**        Best Buy denies the allegations in paragraph 8 to the extent they are

directed at Best Buy. Best Buy further denies the allegations in paragraph 8 to the extent they

reference examples "which are shown in Paragraph 14." Best Buy is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 8 and

therefore denies them.

9.     On October 9, 2007, the Patent Office issued Patent No. 7,280,838 entitled "Paging Transceivers and Methods for Selectively Retrieving Messages" (the "'838 patent"). HPL is the exclusive licensee of all right, title, and interest in the '838 patent.

**Answer:**     Without admitting that United States Patent No. 7,280,838 ("the '838 patent") is properly issued or titled, Best Buy admits that on its face the '838 patent is entitled "Paging Transceivers and Methods for Selectively Retrieving Message" and bears an issue date of October 9, 2007.  Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10.     The '838 patent provides for methods and systems relating to wireless messaging to mobile devices (e.g., cellular devices). More particularly, the patent includes claims that relate to the transmission of notification messages to mobile devices that include an identifier (such as a URL) that identifies available content. Examples of such notifications include SMS messages that include an identifier (such as a URL) in the message.

**Answer:**     Best Buy denies the allegations in paragraph 10 to the extent they are directed at Best Buy. Best Buy also denies that SMS messages that include a URL in the message are "examples" that will infringe the claims of the '838 patent. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies them.

11.     On July 14, 2010, HPL filed suit against New York Times Company asserting infringement by the New York Times Company of the same three patents asserted herein. Approximately six (6) months later (in late February 2011), New York Times Company filed three (3) *ex parte* reexaminations in the Patent Office, one for each of the three asserted patents. On information and belief, at the time of these reexamination filings, Best Buy was actively

communicating with (or a formal member of) a "defense group" or "defense coalition" organized by New York Times Company, and thus likely played a role in advancing the *ex parte* reexamination requests (either through financing or participation in developing the prior art and arguments). While all three reexaminations are still under review, the Patent Office has already confirmed as patentable the following claims without amendment:

- Reexamination SN 90/009,882 (corresponding to the '757 patent): 1, 18, 19, and 20 (all other claims are still under review).

- Reexamination SN 90/009,880 (corresponding to the '716 patent): claims 2, 16, 22, 23, 31, 34, 35, 38, 39, 43, 48, 49, 52, and 58 (all other claims are still under review).

**Answer:**    As disclosed in publicly-available documents, the contents of which speak for themselves, Best Buy is informed and believes, and therefore admits, that Plaintiff filed suit against New York Times Company on July 14, 2010, asserting infringement of the '757, '716, and '838 patents, and that New York Times Company sought *ex parte* reexamination of these patents.  Best Buy denies the remaining allegations in paragraph 11 to the extent they require a response and are directed at Best Buy.  Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies them.

12.    In addition, HPL recently received Notices of Allowance for pending applications Serial Nos. 11/598,202, 12/167,971, and 12/367,358, all of which were allowed by the Patent Office over express consideration of art and arguments present by New York Times Company in the aforementioned *ex parte* reexamination requests. HPL anticipates amending this Complaint to add allegations of infringement of claims of those allowed claims, once issued.

**Answer:**    To the extent that Notices of Allowance for pending applications Serial Nos. 11/598,202, 12/167,971, and 12/367,358 have been issued and are publicly available, the contents of these documents speak for themselves. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.  In the event any of the patent applications referenced in paragraph 12 are ever issued, Best Buy expects to oppose any effort by Plaintiff to amend the Complaint to add additional allegations as to any allowed claims.

13.    To date, more than eighty (80) of the world's most sophisticated companies have agreed to a license to the HPL Portfolio. Licensees include: ABInBev (AnheuserBusch), Adidas/Reebok, ADT Securities, Advanced Publications (Conde Nast), Ally Bank, Amazon, American Eagle Outfitters, American Greetings, Apple, Carnival Cruise Lines, Dairy Queen, Dell, Disney, eBay, Epitaph Records, Glu Mobile, GSI Commerce(owned by eBay), Haircuttery, Harley-Davidson, Hewlett-Packard (and Palm), H&R Block, KGB, Macy's, MGM Resorts International, Microsoft, Motorola Mobility, the National Football League, the National Hockey League, Newegg.com , Qdoba Restaurants, Research in Motion, Sears Holding Corporation, Shoptext, Starbucks, Steven Madden, Taco Bell, Toyota, World Wrestling Entertainment, Walgreens, Yamaha, Zuffa/UFC and nineteen (19) other companies whose identities HPL has agreed to keep confidential.

**Answer:**    Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.  Best Buy notes that any licenses as to the patents-in-suit would establish a cap on any potential liability for Best Buy under 35 U.S.C. § 284.

**THE DEFENDANT**

14.     Defendant Best Buy Co., Inc. is a Minnesota corporation with its principal place of business in Richfield, Minnesota. Best Buy is a retailer of appliances and electronics, with six (6) stores in Chicago, Illinois. Moreover, Best Buy purposefully directs its infringing activities (described below) to residents of this State and District by causing infringing messages to be sent to residents of the State of Illinois and this District.

**Answer:**     Best Buy admits the allegations in paragraph 14 to the extent it states that Best Buy Co., Inc. is a Minnesota corporation with its principal place of business in Richfield, Minnesota, but states that Best Buy Co., Inc. is not the proper party in this action. Best Buy admits that Best Buy Co., Inc. is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of serving process. Best Buy further admits that the website http://www.bestbuy.com/ is accessible from this District, but is not necessarily directed purposely or solely at this District or the residents of this district. Best Buy denies the remaining allegations in paragraph 14.

15.     Within the last six (6) years, Best Buy has initiated and caused millions of infringing messages to be sent in connection with at least the following product and service offerings:

a)  Best Buy's "Hot Deals" Mobile Alert, whereby Best Buy causes thousand, if not millions, of infringing messages to be sent to its customers' mobile devices alerting them to the "Deal of the Week." The "Deal of the Week" item is typically reduced in price for a limited period of time. After the period lapses, Best Buy modifies the linked content to reflect the regular price of the item. For example, on October 10th, 2009, Best Buy sent an SMS message to its "Hot Deals" Mobile Alert subscribers for a week-long deal starting on October, 1 2009. The SMS message linked to the product page for the listed item at the price indicated in the alert. As

of October 19th, 2009, the "Deal of the Week" price was replaced with the regular item price. Figures 1 and 2, below, show the message and the content retrieved.

(b) Best Buy also causes infringing messages to be sent through its various social media websites. For example, in conjunction with its @BestBuy_Deals Twitter feed, Best Buy causes thousands, if not millions, of infringing SMS messages to be sent to its "followers" daily. As demonstrated below, many of the messages indicate the time the content is available; and others contain identifiers to dynamic content where the content is changed between the time of the notification and the time the content is requested by Best Buy's customers, such as: changing prices, updated user reviews, and indications for when a product has sold out, as shown below in Figures 3 and 4.[1]

**Answer:**     Best Buy denies each and every allegation in paragraph 15 of the Complaint, including all sub-paragraphs.

16.     On or about October 28, 2009, HPL gave written notice to Best Buy of its infringement of the '716 and '838 patents. The notice letter provided Best Buy with a detailed description of the claims, and in addition, provided detailed information including infringement charts demonstrating infringement of the claims. On or about November 8, 2010, HPL gave written notice to Best Buy of its infringement of the claims issuing in the '757 patent, including infringement charts demonstrating infringement of the claims.

**Answer:**     Best Buy admits that Plaintiff sent letters to Best Buy on or about October 28, 2009 and on or about November 8, 2010. The terms and content of these letters speak for themselves. Best Buy denies that any of the letters provided accurate descriptions of the asserted claims of the patents-in-suit or demonstrated any infringement of the claims of those patents.

---

[1] The original complaint included figures that are not duplicated here.

Best Buy denies that any correspondence referenced in paragraph 16 of the Complaint constitutes notice of alleged infringement pursuant to 35 U.S.C. §§ 284 or 285. Best Buy denies the remaining allegations in paragraph 16 of the Complaint.

17.     For nearly two (2) years, Best Buy has continued to infringe HPL's patents while repeatedly refusing to accept a license on HPL's well-established and reasonable licensing terms. Best Buy refused a license even in the face of the Patent Office both confirming existing claims and allowing new claims over express consideration of the prior art and arguments proffered by New York Times Company, Best Buy, and others with whom the Defendant is cooperating. For example,

(a) After HPL placed Best Buy on notice of its infringement, Best Buy initially expressed its intention to address the merits of HPL's assertions and the potential for a settlement. Best Buy then refused a license based on assertions that HPL's patents were invalid. Thereafter, HPL provided Best Buy's invalidity arguments to the Patent Office for careful consideration in HPL's related pending applications. After reviewing Best Buy's invalidity arguments and prior art, the Patent Office allowed six (6) additional HPL patent applications, including the '757 patent (which is asserted in this action). Notwithstanding the Patent Office issuing and allowing numerous patents and applications over Best Buy's arguments (including at least the asserted '757 patent), Best Buy continued to refuse a license.

(b) Over the past two (2) years, HPL continually advised Best Buy of its progress in licensing, litigation and patent prosecution, including providing updates regarding the pending reexamination proceedings filed by New York Times Company.  For example, on May 24, 2011, HPL requested Best Buy reconsider its refusal to accept a license on HPL's established terms and advised Best Buy that HPL anticipated a significant number of infringed claims to be

confirmed as patentable over the reexamination requests. Best Buy has never acknowledged HPL's May 24, 2011 correspondence.

(c) As HPL predicted, in the third quarter of 2011 the Patent Office confirmed as patentable numerous claims in two (2) of the pending *ex parte* reexamination proceedings over express consideration of New York Times Company's invalidity arguments, including many of the claims asserted to be infringed in this Complaint. Notwithstanding the Patent Office confirming many of the claims asserted in this Complaint, Best Buy continued to refuse a license.

(d) On September 6, 2011, after the Patent Office confirmed and allowed numerous claims of HPL's patents and applications over Best Buy's and New York Times Company's invalidity arguments, Best Buy joined with several other companies (including New York Times Company) in filing yet another round of reexamination requests for the same three (3) asserted patents. HPL believes those reexamination requests present cumulative arguments and include prior art already considered by the Patent Office. In addition, the new reexamination requests fail to seek reexamination of all claims asserted to be infringed by Best Buy in this Complaint, including at least asserted claims 1 of the '757 patent and claims 38 and 39 of the '716 patent. Notwithstanding, Best Buy continues to refuse a license.

**Answer:** As is disclosed in publicly-available documents, Best Buy admits that it joined in filing a request for reexamination with the United States Patents and Trademark Office relating to the '757, '716, and '838 patents. Best Buy further admits that it has to date declined to take a license to HPL's patents, and expressly denies that it has any obligation to do so. Best Buy denies the remaining allegations in paragraph 17 (including all sub-paragraphs) to the extent they are directed at Best Buy. Best Buy is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 17 (including all sub-paragraphs) and therefore denies them.

## COUNT I
### (Alleged Infringement of United States Patent No. 7,835,757)

18.     HPL incorporates by reference Paragraphs 1 through 17 of this Complaint and realleges them as though fully set forth herein.

**Answer:**     Best Buy incorporates by reference its answers to paragraphs 1-17, as if fully set forth herein.

19.     HPL is informed and believes, and thereon alleges, that Defendant has been and is currently infringing the '757 patent in violation of 35 U.S.C. § 271(a) by, among other things, using and practicing methods that embody one or more of at least claims 1-20 of the '757 patent within the United States without authority or license from HPL. As mentioned previously, claims 1 and 18-20 of the '757 patent have already been confirmed by the Patent Office in connection with New York Times Company's *ex parte* reexamination request.

**Answer:**     Best Buy denies all allegations in paragraph 19 of the Complaint to the extent they are directed at Best Buy. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

20.     HPL is informed and believes, and thereon alleges, that Defendant infringes the '757 patent because it causes notifications of the type described in Paragraph 6 to be sent to its customers' mobile devices. HPL is informed and believes, and thereon alleges that Defendant infringes the '757 patent in connection with at least the product offerings and services described in Paragraph 15, above.

**Answer:**      Best Buy denies each and every allegation in paragraph 20 of the Complaint.

21.      In the alternative, HPL is informed and believes, and thereon alleges, that Defendant has actively induced and is currently inducing the infringement of the '757 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use or practice methods within the United States that embody one or more claims of the '757 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '757 patent.

**Answer:**      Best Buy denies each and every allegation in paragraph 21 of the Complaint.

22.      More specifically, Defendant has been on notice of its infringement of the '757 patent since 2010, and since that time millions of infringing messages (as described above) have been sent to Defendant's customers along with links to its content. HPL is informed and believes, and thereon alleges, that if it is not Defendant causing the infringing messages to be sent as alleged in Paragraph 20, then Defendant has actively induced and is currently actively inducing third parties to cause such infringing messages to be sent on its behalf, and knew or should have known that its actions would induce actual infringement of the '757 Patent.

**Answer:**      Best Buy denies each and every allegation in paragraph 22 of the Complaint.

23.      In addition, having placed Defendant on notice of infringement of the '757 patent more than ten (10) months ago, HPL is informed and believes, and thereon alleges, that Defendant's infringement of the '757 patent has been and continues to be willful.

**Answer:** Best Buy denies each and every allegation in paragraph 23 of the Complaint.

24. As a direct and proximate result of Defendant's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**Answer:** Best Buy denies each and every allegation in paragraph 24 of the Complaint.

## COUNT II
### (Alleged Infringement of United States Patent No. 7,499,716)

25. HPL incorporates by reference Paragraphs 1 through 17 of this Complaint and realleges them as though fully set forth herein.

**Answer:** Best Buy incorporates by reference its answers to paragraphs 1-17, as if fully set forth herein.

26. HPL is informed and believes, and thereon alleges, that Defendant has been and is currently infringing the '716 patent in violation of 35 U.S.C. § 271(a) by, among other things, using and practicing methods that embody one or more of at least claims 15,17, 18, 21, 22, 23, 27, 30, 38, and 39 of the '716 patent (and likely others) within the United States without authority or license from HPL. As mentioned previously, claims 22, 23, 38 and 39 of the '716 patent have already been confirmed by the Patent Office in connection with New York Times Company's *ex parte* reexamination request.

**Answer:** Best Buy denies all allegations in paragraph 26 of the Complaint to the extent they are directed at Best Buy. Best Buy is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies them.

27.     HPL is informed and believes, and thereon alleges, that Defendant infringes the '716 patent because it causes notifications of the type described in Paragraph 8 to be sent to its customers' mobile devices. HPL is informed and believes, and thereon alleges, that Defendant infringes the '716 patent in connection with at least the product offerings and services described in Paragraph 15, above.

**Answer:**     Best Buy denies each and every allegation in paragraph 27 of the Complaint.

28.     In the alternative, HPL is informed and believes, and thereon alleges, that Defendant has actively induced and is currently inducing the infringement of the '716 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use or practice methods within the United States that embody one or more claims of the '716 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '716 patent.

**Answer:**     Best Buy denies each and every allegation in paragraph 28 of the Complaint.

29.     More specifically, Defendant has been on notice of its infringement of the '716 patent since 2009, and since that time millions of infringing messages (as described above) have been sent to Defendant's customers along with links to its content. HPL is informed and believes, and thereon alleges, that if it is not Defendant causing the infringing messages to be sent as alleged in Paragraph 27, then Defendant has actively induced and is currently actively

inducing third parties to cause such infringing messages to be sent on its behalf, and knew or should have known that its actions would induce actual infringement of the '716 Patent.

**Answer:** Best Buy denies each and every allegation in paragraph 29 of the Complaint.

30. In addition, having placed Defendant on notice of infringement of the '716 patent nearly two years ago, HPL is informed and believes, and thereon alleges, that Defendant's infringement of the '716 patent has been and continues to be willful.

**Answer:** Best Buy denies each and every allegation in paragraph 30 of the Complaint.

31. As a direct and proximate result of Defendant's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**Answer:** Best Buy denies each and every allegation in paragraph 31 of the Complaint.

## COUNT III
### (Alleged Infringement of United States Patent No. 7,280,838)

32. HPL incorporates by reference Paragraphs 1 through 17 of this Complaint and realleges them as though fully set forth herein.

**Answer:** Best Buy incorporates by reference its answers to paragraphs 1-17, as if fully set forth herein.

33. HPL is informed and believes, and thereon alleges, that Defendant has been and is currently infringing the '838 patent in violation of 35 U.S.C. § 271(a) by, among other things, using and practicing methods that embody one or more of at least claims 9,10, 12, 13, 15, 16, 18,

and 20 of the '838 patent (and likely others) within the United States without authority or license from HPL. As mentioned previously, all claims of the '838 patent are currently under review by the Patent Office in connection with New York Time's *ex parte* reexamination request.

**Answer:** Best Buy denies all allegations in paragraph 33 of the Complaint to the extent they are directed at Best Buy. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies them.

34. HPL is informed and believes, and thereon alleges, that Defendant infringes the '838 patent because it causes notifications of the type described in Paragraph 10 to be sent to its customers' mobile devices. HPL is informed and believes, and thereon alleges, that Defendant infringes the '838 patent in connection with at least the product offerings and services described in Paragraph 15, above.

**Answer:** Best Buy denies each and every allegation in paragraph 34 of the Complaint.

35. In the alternative, HPL is informed and believes, and thereon alleges, that Defendant has actively induced and is currently inducing the infringement of the '838 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use or practice methods within the United States that embody one or more claims of the '838 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '838 patent.

**Answer:** Best Buy denies each and every allegation in paragraph 35 of the Complaint.

36. More specifically, Defendant has been on notice of its infringement of the '838 patent since 2009, and since that time millions of infringing messages (as described above) have been sent to Defendant's customers along with links to its content. HPL is informed and believes, and thereon alleges, that if it is not Defendant causing the infringing messages to be sent as alleged in Paragraph 34, then Defendant has actively induced and is currently actively inducing third parties to cause such infringing messages to be sent on its behalf, and knew or should have known that its actions would induce actual infringement of the '838 Patent.

**Answer:** Best Buy denies each and every allegation in paragraph 36 of the Complaint.

37. In addition, having placed Defendant on notice of infringement of the '838 patent nearly two (2) years ago, HPL is informed and believes, and thereon alleges that Defendant's infringement of the '838 patent has been and continues to be willful.

**Answer:** Best Buy denies each and every allegation in paragraph 37 of the Complaint.

38. As a direct and proximate result of Defendant's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**Answer:** Best Buy denies each and every allegation in paragraph 38 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

These paragraphs, listed as (a) through (e) in the Complaint, set forth the statement of relief requested by Plaintiff, to which no response is required. To the extent any admission or

denial may be required, however, Best Buy denies that Plaintiff is entitled to any of the requested relief to the extent such relief is sought against Best Buy, and Best Buy denies any allegations that are directed to Best Buy.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Best Buy asserts the following affirmative defenses in response to the allegations of infringement, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '757 patent)

1.      Best Buy has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '757 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '757 patent)

2.      Each claim of the '757 patent is invalid for failure to meet the requirements of patentability found in 35 U.S.C. §§ 1 *et seq*., including without limitation §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel, Laches, and/or Waiver)

3.      Plaintiff's claims are barred, in whole or in part, under principles of equity, including estoppel, laches, and/or waiver, including without limitation Plaintiff's unreasonable delay in asserting the '757 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (No Basis for Injunction)

4.      Plaintiff is not entitled to injunctive relief because Best Buy does not infringe any valid and enforceable claim of the '757 patent. Plaintiff is further not entitled to injunctive relief

because Plaintiff is not likely to prevail on the merits, Plaintiff has not suffered and will not suffer immediate or irreparable harm because of any conduct by Best Buy, and Plaintiff has an adequate remedy at law for any claims it can prove.

### FIFTH AFFIRMATIVE DEFENSE
### (Non-Infringement of the '716 patent)

5.      Best Buy has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '716 patent, either literally or under the doctrine of equivalents.

### SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of the '716 patent)

6.      Each claim of the '716 patent is invalid for failure to meet the requirements of patentability found in 35 U.S.C. §§ 1 *et seq*., including without limitation §§ 101, 102, 103, and/or 112.

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel, Laches, and/or Waiver)

7.      Plaintiff's claims are barred, in whole or in part, under principles of equity, including estoppel, laches, and/or waiver, including without limitation Plaintiff's unreasonable delay in asserting the '716 patent.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Basis for Injunction)

8.      Plaintiff is not entitled to injunctive relief because Best Buy does not infringe any valid and enforceable claim of the '716 patent.  Plaintiff is further not entitled to injunctive relief because Plaintiff is not likely to prevail on the merits, Plaintiff has not suffered and will not suffer immediate or irreparable harm because of any conduct by Best Buy, and Plaintiff has an adequate remedy at law for any claims it can prove.

## NINTH AFFIRMATIVE DEFENSE
### (Non-Infringement of the '838 patent)

9.      Best Buy has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '838 patent, either literally or under the doctrine of equivalents.

## TENTH AFFIRMATIVE DEFENSE
### (Invalidity of the '838 patent)

10.      Each claim of the '838 patent is invalid for failure to meet the requirements of patentability found in 35 U.S.C. §§ 1 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel, Laches, and/or Waiver)

11.      Plaintiff's claims are barred, in whole or in part, under principles of equity, including estoppel, laches, and/or waiver, including without limitation Plaintiff's unreasonable delay in asserting the '838 patent.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Basis for Injunction)

12.      Plaintiff is not entitled to injunctive relief because Best Buy does not infringe any valid and enforceable claim of the '838 patent.  Plaintiff is further not entitled to injunctive relief because Plaintiff is not likely to prevail on the merits, Plaintiff has not suffered and will not suffer immediate or irreparable harm because of any conduct by Best Buy, and Plaintiff has an adequate remedy at law for any claims it can prove.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

13.      Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. §§ 286, 287.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Patent Exhaustion / First Sale

14.     Plaintiff's claims of patent infringement relating to mobile message transmission are barred by the patent exhaustion doctrine and by the first sale doctrine, based on Plaintiff's licenses with other companies, including but not limited to those alleged in paragraph 13 of the complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Improper Joinder)**

15.     Plaintiff has failed to join a party required by Federal Rule of Procedure 19.

**<u>ADDITIONAL DEFENSES</u>**

16.     In addition to the affirmative defenses set forth above, Best Buy specifically reserves all rights to assert additional affirmative defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may become available in the future.

DATED: December 19, 2011                    Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
By: s/       *Christopher K. Larus*                    _
Christopher K. Larus (*admitted pro hac vice*)
Bryan J. Mechell (*admitted pro hac vice*)
2800 LaSalle Plaza 800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500
Email: cklarus@rkmc.com
Email: bjmechell@rkmc.com

**KATTEN MUCHIN ROSENMAN LLP**
Alexander S. Vesselinovitch
(Ill. State Bar #3122893)
Emily J. Prentice (Ill. State Bar # 6277643)
525 W. Monroe Street
Chicago, IL 60661-3693 (312) 902-5200
Email: avesselinovitch@kattenlaw.com
Email: emily.prentice@kattenlaw.com

**ATTORNEYS FOR DEFENDANT
BEST BUY CO., INC.**

## CERTIFICATE OF SERVICE

I, Emily J. Prentice, certify that on December 19, 2011, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Steven G. Lisa
Steven G. Lisa, Ltd
55 West Monroe Street, Suite 3200
Chicago, IL 60603

Donald J. Lisa
Law Offices of Steven G. Lisa, Ltd.
55 W. Monroe St., Suite 3210
Chicago, IL 60603

Gerald Douglas Hosier
Law Offices of Gerald D. Hosier, Ltd.
P.O. Box 12354
Aspen, CO 81611

James David Busch
The Law Offices of Steven G. Lisa, Ltd.
55 W. Monroe St., Suite 3210
Chicago, IL 60603

Jon E. Kappes
Law Offices of Steven G. Lisa, LTD.
55 W. Monroe St., Suite 3200
Chicago, IL 60603

Justin Joseph Lesko
The Law Offices of Steven G. Lisa, Ltd.
55 W. Monroe St., Suite 3210
Chicago, IL 60603

Mildred Park
Law Offices of Steven G. Lisa, LTD.
55 W. Monroe St., Suite 3200
Chicago, IL 60603

Victoria Gruver Curtin
Victoria Gruver Curtin, PLC
14555 North Scottsdale Road, Suite 160
Scottsdale, AZ 85254

Timothy D. Sperling
Law Offices of Steven G. Lisa, LTD.
55 W. Monroe St., Suite 3200
Chicago, IL  60603


By:___/s/ *Emily J. Prentice*_____