**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HELFERICH PATENT LICENSING, LLC.,** )<br>) <br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**BEST BUY CO., INC.,** )<br>)<br>**Defendant.** )<br>)<br>) <br>) | <br><br><br><br>**Case No. 11-6914**<br><br>**John W. Darrah**<br>**District Judge**<br><br>**Jeffrey T. Gilbert**<br>**Magistrate Judge** |

### PROTECTIVE ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

   a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

   b. "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the

disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

  c. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

  d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

  3. <u>Designation of information as Confidential or Highly Confidential</u>:

  a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

  b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly

Confidential before providing them to the recipient.

    c.    A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

    d.    A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

    e.    A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

    f.    If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of

information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

   4. <u>Use and disclosure of Confidential [or Highly Confidential] information</u>:

   a. Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

   b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

   c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)( i), (iv), (v), and (vi).

   d. A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to

an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

      e.      Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

      f.      A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

      5.      <u>Copies</u>: A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

6. <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

7. <u>Filing with the Court</u>:

a. This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A party wishing to file under seal a document containing Confidential or Highly Confidential information must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public record version that excludes any Confidential or Highly Confidential information.

b. If a party wishes to file in the public record a document that another producer has designated as Confidential or Highly Confidential, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

c. Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

8. <u>Document Disposal</u>: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential [or

Highly Confidential] information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

     9.    <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within ten days after a written request.

     10.    <u>Survival of obligations</u>: This order's obligations regarding Confidential and Highly    Confidential information survive the conclusion of this case.

                                                                                         Jeffrey T. Gilbert
                                                                                         United States Magistrate Judge

Dated: May 2, 2012

**Appendix 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| _____, | ) | |
| Plaintiff[s], | ) ) ) ) | |
| vs. | ) | Case No. _____ |
| _____, | ) ) ) ) | |
| Defendant[s]. | ) | |

**UNDERTAKING OF [*insert name*]**

I, [*insert person's name*], state the following under penalties of perjury as provided by law:

I have been retained by [*insert party's name*] as an expert or consultant in connection with this case. I will be receiving Confidential [and Highly Confidential] information that is covered by the Court's protective order dated [*fill in date*]. I have read the Court's protective order and understand that the Confidential [and Highly Confidential] information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the Confidential [and Highly Confidential] information solely for purposes of this case. I understand that neither the Confidential [and Highly Confidential] information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Confidential [and Highly Confidential] information and any notes concerning that

information to the attorney for [*insert name of retaining party*] or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
(signature)

Subscribed and sworn to
before me this \_\_\_\_ day
of _____, 20\_\_.

_____
Notary Public